1  CHRISTIAN J. MARTINEZ (CA State Bar No. 215360)
   2500 Dean Lesher Drive, Suite A
2  Concord, CA 94520
   Telephone: (925) 689-1200
3  Facsimile: (925) 689-1263
   cmartinez@copypro.com
4
   Attorney for Plaintiff,
5  WORDTECH SYSTEMS INC.

6  RICHARD ESTY PETERSON (State Bar No. 41013)
   1905-D Palmetto Avenue
7  Pacifica, CA 94044
   Telephone: (650) 557-5708
8  Facsimile: (650) 557-5716
   sfreptile@mac.com
9
   Attorney for Plaintiff,
10 QUINTAL RESEARCH GROUP, INC.

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                         SAN FRANCISCO DIVISION

                                              CV 09  5591
15 WORDTECH SYSTEMS INC. and QUINTAL          Case No.:
16 RESEARCH GROUP, INC.,

17                                            **COMPLAINT FOR PATENT**
              Plaintiffs,                     **INFRINGEMENT AND**
18                                            **DEMAND FOR JURY TRIAL**
   v.
19
   SONY COMPUTER ENTERTAINMENT
20 AMERICA, INC.,

21            Defendant.

22

23       Plaintiffs, WORDTECH SYSTEMS INC. ("WORDTECH"), a California corporation, and

24 QUINTAL RESEARCH GROUP, INC. ("QUINTAL"), a California corporation, in and through their

25 respective attorney, allege:

26                                  **THE PARTIES**

27 1.    Plaintiff, WORDTECH, is a corporation organized under the laws of the State of California with

28       its principal place of business located at Concord, California, and is the exclusive licensee of the

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL - 1

1 patents in suit with right to sue in its own name for past and present damages for infringement of the licensed patents in suit.

2. Plaintiff, QUINTAL, is a corporation organized under the laws of the State of California with its principal place of business located at Pacifica, California, and as the owner and holder of legal title to the patents in suit is joined as a necessary party plaintiff.

3. On information and belief, defendant, SONY COMPUTER ENTERTAINMENT AMERICA, INC., ("SONY") is a corporation organized under the laws of Delaware and doing business in the State of California with its principal place of business in Foster City, California,

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 283-285. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1391(c) and/or 1400(b).

## INTRADISTRICT ASSIGNMENT

5. This is an Intellectual Property Action under this Court's Assignment Plan, and therefore assignment to any Division of the Court is proper per local rules.

## BACKGROUND

6. On November 4, 2003, the U.S. Patent Office issued U.S. Patent No. 6,643,656, entitled, Computerized Information Retrieval System, listing Richard Esty Peterson as the inventor ("Patent '656"). A true and correct copy of Patent '656, as corrected, is attached hereto as **Exhibit 1**.

7. On September 16, 2008, the U.S. Patent Office issued a patent, U.S. Patent No. 7,425,944, entitled Computerized Information Retrieval System, listing Richard Esty Peterson as the inventor ("Patent '944). A true and correct copy of Patent '944, as corrected, is attached hereto as **Exhibit 2**.

8. QUINTAL is the sole and exclusive owner by assignments by the inventor, Richard Esty Peterson, of all rights, title, and interest in and to Patents '656 and '944. True and correct copies of the assignments are attached hereto as **Exhibits 3** and **4**, respectively.

9. WORDTECH is the exclusive licensee of Patents '656 and '944 by license agreement from

QUINTAL, with the right to sue and collect damages for infringement thereof. A true and correct copy of the exclusive license agreement is attached hereto as **Exhibit 5**.

## COUNT I

### (Infringement of U.S. Patent 6,643,656)

10. Plaintiff hereby incorporates paragraphs 1-9 above, inclusive, by this reference.

11. On information and belief, SONY, without a license from WORDTECH or QUINTAL, is in the business of, *inter alia*, importing, using, selling, and/or offering to sell computerized handheld gaming devices under the general product name, Sony Play Station Portable, ("PSP") in this district that have each of the elements of and infringe one or more claims of the '656 patent, under the doctrine of equivalents, including but not limited to claims 11 and 12.

12. On information and belief, by importing, using, selling, and/or offering to sell PSPs in the United States and its territories, SONY directly and contributorily infringed and have actively induced others to infringe and will continue to directly and contributorily infringe and actively induce others to infringe one or more of the claims of Patent '656 under 35 U.S.C. § 271 (a), (b), (c) and/or (f) under the doctrine of equivalents, including but not limited to claims 11 and 12.

13. SONY has been informed that a license was needed under Patent '656.

14. On information and belief, SONY's infringement of Patent '656 has been and continues to be willful, deliberate and objectively reckless entitling WORDTECH and QUINTAL to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

15. As a direct and proximate consequence of the acts and practices of SONY, WORDTECH and QUINTAL have been, are being, and continue to be damaged; unless such acts and practices of SONY are enjoined by the Court, Plaintiffs will continue to be injured in their business and property rights and have suffered and are suffering and will continue to suffer injury and damages for which they are entitled to relief under 35 U.S.C. § 284.

## COUNT II

### (Infringement of U.S. Patent 7,425,944)

16. Plaintiff hereby incorporates paragraphs 1-15 above, inclusive, by this reference.

17. On information and belief, SONY, without a license from WORDTECH or QUINTAL, is in the business of, *inter alia*, importing, using, selling, and/or offering to sell PSPs in this district that have each of the elements of and infringe one or more claims of Patent '944, literally or under the doctrine of equivalents, including but not limited to claims 1 2, 9, and 10.

18. On information and belief, by importing, using, selling, and/or offering to sell PSPs in the United States and its territories, SONY has directly and contributorily infringed and has actively induced others to infringe and will continue to directly and contributorily infringe and actively induce others to infringe one or more of the claims of Patent '944 under 35 U.S.C. § 271 (a), (b), (c) and/or (f) literally or under the doctrine of equivalents, including but not limited to claims 1, 2, 9, and 10.

19. SONY has been informed that a license was needed under Patent '944.

20. On information and belief, SONY's infringement of Patent '944 has been and continues to be willful, deliberate and objectively reckless, entitling WORDTECH and QUINTAL to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

21. As a direct and proximate consequence of the acts and practices of SONY, WORDTECH and QUINTAL have been, are being, and continue to be damaged; unless such acts and practices of SONY are enjoined by the Court, Plaintiffs will continue to be injured in their business and property rights and have suffered, are suffering and will continue to suffer injury and damages for which Plaintiffs are entitled to relief under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WEREFORE, Plaintiffs pray for the entry of a judgment from this Court:

a. Declaring that United States Patent No. 6,643,656 was duly and legally issued, and is valid and enforceable;

b. Declaring that United States Patent No. 7,425,944 was duly and legally issued, and is valid and enforceable;

c. Declaring that SONY has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of Patents '656, and '944;

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL  - 4

d. Declaring that SONY has acted with objective recklessness and willfully infringed one or more claims of Patents '656, and 944, entitling Plaintiffs to enhanced damages;

e. Deeming this to be an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiffs WORDTECH and QUINTAL to an award of their reasonable attorneys' fees, expenses and costs in this action from SONY;

f. Permanently enjoining SONY, and its respective officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive notice of the order by personal service or otherwise, from committing further acts of infringement under 35 U.S.C. § 271 of one or more claims of Patents '656, and '944 pursuant to 35 U.S. C § 283;

g. Awarding Plaintiffs damages in accordance with 35 U.S. C. § 284, including pre and post-judgment interest;

h. Awarding Plaintiffs its costs in connection with this action; and

i. Awarding Plaintiffs such other and further relief as this Court may deem to be just and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury of all issues so triable.

DATE: November 18, 2009

RESPECTFULLY SUBMITTED,

*[signature]*

Christian J. Martinez
Attorney for Plaintiff,
Wordtech Systems, Inc.

*[signature]*

Richard Esty Peterson
Attorney for Plaintiff,
Quintal Research Group, Inc.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL - 5